RAWLS, Judge
(dissenting).
In my opinion this record presents a factual conflict between the plaintiff and defendant which was fairly tried, submitted to a jury for the purpose of resolving same upon proper instructions, and I believe the verdict rendered by the jury should not be upset by an appellate court.
In order to fully express my views it is necessary that certain facts be detailed which do not conform to the statement of facts in the majority opinion. The record reflects that Mrs. Frances Laumer, a school secretary, was driving an automobile owned by her husband, Ford Laumer, south on Carlisle Street at about 5 miles per hour in a school zone. She was contemplating making a left-hand turn into the school driveway several car-lengths from the point where Prince Edward Drive dead ends into Carlisle on her right. She testified that as she approached the intersection there was no bicycle coming out of Prince Edward Drive, and as she passed the intersection she looked ahead and saw that there was no bicycle, nor anyone, on the roadway *38 or the right shoulder ahead of her. She slowed to less than 5 miles per hour because she was preparing to turn left into the school driveway. She already had her left turn signal on. A car approached and passed her on her left. She glanced at it, heard a noise on the right side of her car, looked to the right and saw nothing, then felt a bump at the right rear wheel. She stopped and found eight-year-old Mark Earle lying near the edge of the pavement behind her car. She had been traveling about 3 feet from the edge of the pavement proceeding straight down her lane.
Mrs. Davidson was parked on Prince Edward Drive near where it intersects with Carlisle when Mark Earle passed her riding his bike faster than 5 miles per hour. She watched him turn the corner, but a dirt pile and hedge obscured the lower part of his body from view. She continued to watch him and when he fell out of sight, she realized that an automobile was beside him. The vehicle was traveling slower than Mark. Mark was not propelled into the air; he just dropped from sight.
John Marshall, school boy patrol, saw Mark turn from Prince Edward Drive onto Carlisle. He looked away, heard a bump, looked to his right and saw Mark on his bike on the right side of the car, with both hands on the right front fender of the car. He demonstrated to the jury how Mark fell. There is no description of the demonstration in the record. The point where Mark landed was only about two car-lengths from the point where John was standing.
Thus, there is a conflict in the testimony. The jury could have found from one view of the evidence that Mark while attempting to pass the automobile on the right collided with it and fell under the front wheel. The other conclusion which the jury could have reached, and apparently did, was that Mark collided with the automobile, fell under its side, and was run over by the rear wheel. The evidence supports this latter view as fully, if not more so, than that which would have been in favor of the plaintiff. Although a tragic death is involved, the jury was not presented with any great factual conflict. It is the sole function of a jury to resolve factual conflicts, and it is not the prerogative of the trial court nor this court to substitute its view of the facts for that of the jury.
The majority opinion has seized upon a tenuous theory as to the failure of the trial judge to properly instruct. It would be redundant to quote the entire lengthy instructions fairly presented to the jury by the trial judge. The major issue to be resolved by the jury was contained in the trial judge’s instruction, viz.:
“ * * * the issues for your determination on the claim of Mrs. Spackman against Mr. and Mrs. Laumer are whether Mrs. Laumer was negligent in the operation of the vehicle she was driving and, if so, whether such negligence was a legal cause of the death of the child, Mark H. Earle.”
The jury having resolved this issue contrary to the claim of the plaintiff, it is my opinion that the judgment should have been affirmed.